# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51228
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RAMON HERNANDEZ-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2-14-CR-1540-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Ramon Hernandez-Sanchez pleaded guilty of entering the United States illegally following removal, and he was sentenced at the bottom of the guidelines range to a 37-month term of imprisonment and to a three-year period of supervised release. Hernandez-Sanchez contends that the sentence is substantively unreasonable because it is greater than necessary to effectuate the statutory sentencing goals in that it overstates the seriousness of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense and criminal history.  Hernandez asserts that the Guidelines failed to account adequately for his personal history and characteristics and the fact that he had benign reasons for returning to this country.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard.  *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)).  This court presumes that a sentence within the advisory guidelines range is reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  To rebut the presumption of reasonableness, a defendant must show that "the sentence does not account for a [sentencing] factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Hernandez's offense level was increased by 16 levels because he was convicted in 2007 of transportation of illegal aliens.  Hernandez complains that the consideration of his prior conviction in determining his offense level double counted that conviction, as it was also considered in determining his criminal history score.  Similar arguments have been repeatedly rejected by this court. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).  Hernandez contends also that this court should not apply a presumption of reasonableness because the Guidelines lack an empirical basis and because of the "problematic manner in which the Sentencing Commission established the offense levels for illegal reentry."  He concedes that this argument is foreclosed, and he raises the issue to preserve it for further review.  *See United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009).

No. 15-51228

The record reflects that the district court considered Hernandez's contentions and the sentencing factors in determining that a within-guidelines sentence was appropriate.  Hernandez has not shown that the district court gave significant weight to an irrelevant or improper factor or that the sentence represents a clear error in balancing the sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  We will defer to the district court's determination.  *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  The judgment is AFFIRMED.